UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DARRELL PIKE,<br><br>Defendant | Criminal No.  22cr10096<br><br>Violation:<br><br>Count One: Mail Fraud<br>(18 U.S.C. § 1341)<br><br>Forfeiture Allegations:<br>(18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A)<br>  and 28 U.S.C. § 2461) |

## INFORMATION

At all times relevant to this Information:

### General Allegations

1. DARRELL PIKE was a resident of Hesperia, California.

2. Company A was a supply and service company based in Wilmington, Massachusetts.

3. PIKE worked as manager (and later general manager) at a Company A subsidiary in Ontario, California.

4. At a date unknown, but no later than 2005, PIKE held bank accounts in California, doing business as Consumer Information Systems ("CIS").

### Scheme to Defraud

5. Starting in or about 2005, PIKE submitted invoices to Company A for temporary staffing that CIS purportedly provided to Company A at its Ontario location.  In fact, CIS did not provide any temporary staffing services to Company A.

6. PIKE prepared the invoices and initialed approvals on the invoices for other Company A personnel, without their knowledge or consent.

7. From his work location in Ontario, California, PIKE mailed false invoice packets comprising a Company A voucher form, a false CIS invoice, and a Company A purchase order to Company A in Massachusetts.

8. Company A paid the false CIS invoices by check mailed from Massachusetts to a CIS post office box in Victorville, California.

9. PIKE obtained and deposited the checks in a CIS bank account that he held at Washington Mutual Bank and, after its acquisition, at J.P. Morgan Chase Bank.

10. PIKE also used a Company A credit card to pay CIS for services to Company A that CIS did not provide.

11. In total, from in or about August 2005 to in or about July 2021, PIKE submitted to Company A and obtained payment on at least $1,271,206.18 in false and fraudulent CIS invoices.

COUNT ONE
Mail Fraud
(18 U.S.C. § 1341)

The United States Attorney charges:

12. From in or about August 2005 through on or about July 6, 2021, in the District of Massachusetts and elsewhere, the defendant,

DARRELL PIKE,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did, for the purpose of executing and attempting to execute the scheme, did place in a post office and authorized depository for mail matter, any matter and thing whatever to be sent and delivered by the Postal Service, to wit: on or about July 6, 2021, a false and fraudulent claim for payment of $4,158 for 216 hours of temporary production labor purportedly provided by Consumer Information Systems in the weeks May 7, 2021 to April 3, 2021.

All in violation of Title 18, United State Code, Section 1341.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

13. Upon conviction of the offense in violation of 18 U.S.C. § 1341, set forth in Count One, the defendant,

## DARRELL PIKE

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset(s):

   a. $1,232,001.73, to be entered in the form of a forfeiture money judgment.

14. If any of the property described in Paragraph 13, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 11 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: KRISS BASIL    Digitally signed by KRISS BASIL
              Date: 2022.05.02 09:42:04 -04'00'

Kriss Basil
Assistant U.S. Attorney